IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE GIBBS HARRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>NORTHWESTERN INVESTMENT MANAGEMENT COMPANY, LLC; and NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>    Defendants.<br>_____/ | No. C 10-1763 CW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL AND DENYING PARTIES' STIPULATED REQUEST FOR LEAVE TO FILE DOCUMENTS UNDER SEAL<br>(Docket Nos. 36 and 40) |

    On June 9, 2011, Plaintiff Laurie Gibbs Harris filed an administrative motion for leave to file under seal documents associated with her opposition to Defendants Northwestern Investment Management Company, LLC, and Northwestern Mutual Life Insurance Company's motion for summary judgment. Although she did not identify any particular documents, Plaintiff asserted that the documents at issue are designated as confidential by Defendants. On June 15, 2011, the parties filed a stipulated request for leave to file under seal Plaintiff's opposition brief, her declaration and the Declaration of John A. McGuinn. On June 16, 2011, Defendants filed a declaration supporting Plaintiff's June 9 administrative motion. Defendants' declaration addresses only the

1  McGuinn Declaration and its supporting exhibits.

2  Plaintiff's filings are connected to a dispositive motion.
3  Because Defendants designated the documents at issue as
4  confidential, they must file a declaration establishing that the
5  documents are sealable.  Civ. L.R. 79-5(d).  To do so, Defendants
6  "must overcome a strong presumption of access by showing that
7  'compelling reasons supported by specific factual findings . . .
8  outweigh the general history of access and the public policies
9  favoring disclosure.'"  Pintos v. Pac. Creditors Ass'n, 605 F.3d
10 665, 679 (9th Cir. 2010) (citation omitted).  This cannot be
11 established simply by showing that the document is subject to a
12 protective order or by stating in general terms that the material
13 is considered to be confidential, but rather must be supported by a
14 sworn declaration demonstrating with particularity the need to file
15 each document under seal.  Civ. Local R. 79-5(a).

16 Documents cannot be sealed based solely on the parties'
17 stipulation.  See Civ. L.R. 79-5(a).  Thus, their stipulated
18 request is DENIED.  (Docket No. 40.)

19 Defendants, however, have provided reasons supporting the
20 sealing of the McGuinn Declaration and its supporting exhibits,
21 which Plaintiff filed along with her opposition to Defendants'
22 motion for summary judgment.  Accordingly, Plaintiff's motion for
23 leave to file documents under seal is GRANTED to the extent it
24 pertains to the McGuinn Declaration and its supporting exhibits.
25 (Docket No. 36.)  Within three days of the date of this Order,
26 Plaintiff shall electronically file the McGuinn Declaration and its
27 supporting exhibits under seal, in accordance with General Order
28 62.

2

1    Plaintiff's opposition brief and her related declaration were
2 also at issue in the parties' rejected stipulation.  If Defendants
3 believe these documents should be filed under seal, they shall file
4 a declaration establishing their sealability within three days of
5 the date of this Order.  If Defendants do not file such a
6 declaration, Plaintiff shall electronically file these documents in
7 the public record.
8    IT IS SO ORDERED.

10 Dated: 6/20/2011

CLAUDIA WILKEN
United States District Judge