IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAURIE GIBBS HARRIS,

       Plaintiff,

  v.

NORTHWESTERN INVESTMENT MANAGEMENT COMPANY, LLC; and NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

       Defendants.

No. C 10-1763 CW

ORDER ON DEFENDANTS' DECLARATION REGARDING PLAINTIFF'S MOTION TO SEAL

    Pursuant to Civil L.R. 79-5(d), Defendants Northwestern Investment Management Company, LLC, and Northwestern Mutual Life Insurance Company have filed a declaration supporting Plaintiff Laurie Gibbs Harris's June 9, 2011 administrative motion for leave to file documents under seal.  Defendants ask the Court to seal her brief in opposition to their motion for summary judgment, the Supplemental Declaration of John A. McGuinn and its supporting exhibits, and Plaintiff's Declaration.

    Plaintiff's filings are connected to a dispositive motion. Because Defendants designated the documents at issue as confidential, they must file a declaration establishing that the documents are sealable.  Civ. L.R. 79-5(d).  To do so, Defendants "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'"  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  This cannot be

1  established simply by showing that the document is subject to a
2  protective order or by stating in general terms that the material
3  is considered to be confidential, but rather must be supported by a
4  sworn declaration demonstrating with particularity the need to file
5  each document under seal.  Civ. L.R. 79-5(a).

6      Defendants' declaration does not justify sealing Plaintiff's
7  documents in their entirety.  For instance, although salary
8  information located on pages 14 and 15 of Plaintiff's opposition
9  may be confidential, the balance of the brief does not appear to
10 reveal sensitive information.  Defendants' request is not narrowly
11 tailored, as required by Civil L.R. 79-5(a).

12     Within three days of the date of this Order, Defendants shall
13 make a narrowly-tailored sealing request.  Defendants shall include
14 with their request copies of Plaintiff's documents reflecting their
15 proposed redactions of confidential information.  If Defendants do
16 not file such a request, Plaintiff shall electronically file her
17 documents in the public record.

18     IT IS SO ORDERED.

20 Dated: June 30, 2011

                              CLAUDIA WILKEN
                              United States District Judge