IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAURIE GIBBS HARRIS,

        Plaintiff,

  v.

NORTHWESTERN INVESTMENT MANAGEMENT
COMPANY, LLC; and NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

        Defendants.
_____/

No. C 10-1763 CW

ORDER GRANTING IN
PART AND DENYING IN
PART DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT
(Docket No. 29)

    Plaintiff Laurie Gibbs Harris, a 53-year-old African-American woman, charges her former employer Defendant Northwestern Investment Management Company, LLC, and its corporate parent, Defendant Northwestern Mutual Life Insurance Company, with alleged discrimination and retaliation.  She brings claims for violations of the California Fair Employment and Housing Act (FEHA), Cal. Gov. Code §§ 12940, <u>et seq.</u>; violation of California's Equal Pay Act, Cal. Labor Code § 1197.5; violation of California Labor Code section 1102.5; breach of contract; breach of the implied covenant of good faith and fair dealing; and quantum meruit.  Defendants move for summary judgment.  Plaintiff opposes Defendants' motion. The motion was heard on July 14, 2011.

    Plaintiff concedes that she lacks evidence to support her claims for age discrimination in violation of the FEHA and retaliation in violation of Labor Code section 1102.5.  Plaintiff also acknowledges that her claim for breach of the implied covenant of good faith and fair dealing is duplicative of her breach of

contract claim.  Consequently, the Court grants Defendants' motion as to these claims.

The balance of Defendants' motion must be denied.  Plaintiff's claims for race and gender discrimination and retaliation in violation of the FEHA are based a cat's paw theory of liability. Staub v. Proctor Hosp., 131 S. Ct. 1186, 1190 (2011) (explaining that theory entails an employee seeking to hold an "employer liable for the animus of a supervisor who was not charged with making the ultimate employment decision").  Plaintiff contends that the termination of her employment resulted from the retaliatory and discriminatory animus of Michael Cusick, one of Northwestern's Managing Directors.  Although Catharine Allor was Plaintiff's direct supervisor, Plaintiff proffers sufficient evidence to create a factual dispute as to whether Cusick contributed materially to Allor's decision-making.  Reeves v. Safeway Stores, 121 Cal. App. 4th 95, 109 (2004).  Plaintiff likewise adduces evidence of discriminatory and retaliatory intent on Cusick's part. Accordingly, summary judgment is not warranted on Plaintiff's FEHA claims for race and gender discrimination and retaliation.  Summary judgment is likewise improper on Plaintiff's related claims for failure to prevent discrimination and wrongful termination in violation of public policy.

There is a triable issue concerning Plaintiff's state Equal Pay Act claim.  At the hearing on Defendants' motion, Plaintiff did not dispute that Employee A, a male who worked for Defendants for approximately the same amount of time as she did, is the only appropriate comparator.  The record shows that, in 2007, Employee A had a base salary higher than Plaintiff.  There is a material

2

dispute of fact as to whether Employee A and Plaintiff performed the same work.  Further, in March 2007, Employee A was awarded a bonus larger than Plaintiff's for work completed in 2006, even though he "originated no business toward his production goal." Harris Decl. at 19.  In 2006, Plaintiff generated $74.7 million in new investments.  McGuinn Decl., Ex. 4.  Defendants did not respond to Plaintiff's proffer on this point.  Thus, summary judgment is denied as to Plaintiff's claim under the state Equal Pay Act.

Finally, summary judgment must be denied as to Plaintiff's breach of contract and quantum meruit claims, which are based on her allegation that Defendants breached her variable compensation pay agreement by refusing to pay her a bonus for her work in 2008. The agreement specified that, at the time bonuses were paid, an individual must be: (1) an "active employee," (2) "in an eligible position" and (3) "in good standing."  See, e.g., Allor Decl., Ex. 43, at NWM00000999.  Defendants contend that Plaintiff was denied a bonus because she was on a formal action plan and thus did not satisfy the "good standing" requirement.  However, Plaintiff's theory is that unlawful discrimination and retaliation resulted in her placement on a formal action plan.  Thus, Defendants could be understood to have prevented Plaintiff from meeting the good standing requirement, thereby excusing her from complying with it. See Cal. Civ. Code §§ 1511-12 and 1514.  Accordingly, Defendants' motion as to Plaintiff's claims for breach of contract and quantum meruit must be denied.

In sum, Defendants' motion is GRANTED with respect to Plaintiff's claims for age discrimination, Labor Code retaliation, and breach of the implied covenant.  In all other respects,

3

Defendants' motion is DENIED.  (Docket No. 29.)

    The parties are referred to a magistrate judge for a settlement conference.  A final pretrial conference is scheduled for September 20, 2011 at 2:00 p.m.  An eight-day trial is expected to begin on October 3, 2011 at 8:30 a.m.

    IT IS SO ORDERED.

Dated: 7/25/2011

CLAUDIA WILKEN  
United States District Judge

cc: LB