1

John A. McGuinn, Esq. (State Bar No. 036047)
Carolyn A. Leary, Esq. (State Bar No. 226845)

2

McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue

3

San Francisco, CA  94133
Telephone:  (415) 421-9292

4

Attorneys for Plaintiff,
LAURIE GIBBS HARRIS

5

6

MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP

7

2 Palo Alto Square
3000 El Camino Real, Suite 700

8

Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001

9

MEGAN BARRY BOROVICKA, State Bar No. 241205
MORGAN, LEWIS & BOCKIUS LLP

10

One Market, Spear Street Tower
San Francisco, CA  94105-1126

11

Tel:  415.442.1000
Fax:  415.442.1001

12

Attorneys for Defendants,
NORTHWESTERN INVESTMENT MANAGEMENT COMPANY, LLC, ET AL.

13

14

15

**UNITED STATES DISTRICT COURT**

16

**NORTHERN DISTRICT OF CALIFORNIA**

17

**OAKLAND DIVISION**

18

19

20

LAURIE GIBBS HARRIS,                                                 )

                                   )

21

               Plaintiff,                  )

                                   )

22

v.                                   )

                                   )

23

NORTHWESTERN INVESTMENT                            )

MANAGEMENT COMPANY, LLC,                            )

24

NORTHWESTERN MUTUAL LIFE                           )

INSURANCE, LLC, and DOES                                  )

25

1through 20, inclusive                                              )

                                   )

26

                                   )

             Defendants.          )

27

                                   )

28

_____ )

**Case No. CV 10-01763 CW**
        e-filing

**STIPULATION AND [PROPOSED]
ORDER TO ESTABLISH THE GIBBS
HARRIS QUALIFIED SETTLEMENT
FUND**

JUDGE:  Hon. Claudia Wilken
DEPT:  Courtroom 2, 4th Floor
Complaint filed:  March 19, 2010
Trial date:  October 3, 2011

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

STIPULATION AND _____ ORDER

Plaintiff Laurie Gibbs Harris ("Plaintiff") and Defendants Northwestern Investment Management Company, LLC and Northwestern Mutual Life Insurance Company ("Defendants"), the parties to the above-entitled action (collectively, the "Parties), submit this stipulation to the Court:

## STIPULATION

On November 28, 2011, Plaintiff Laurie Gibbs Harris filed a Petition to Establish the Gibbs Harris Qualified Settlement Fund ("QSF").

On December 16, 2011, the Court entered an Order requesting the Defendants Northwestern Investment Management Company, LLC and Northwestern Mutual Life Insurance Company ("the Defendants") to file a response to Plaintiff's Petition.

On December 23, 2011, the Defendants filed their Statement of Non-Opposition in Response to Plaintiff's Petition to Establish a Qualified Settlement Fund.

THEREFORE, the Parties, through their respective counsel of record, hereby STIPULATE to Plaintiff's request to the establishment and funding of the Gibbs Harris Qualified Settlement Fund (QSF) within the meaning of Treasury Regulation Section 1.468B-1 whose terms and conditions are set forth in **Exhibit A** to this Stipulation and Proposed Order and pursuant to the jurisdiction conferred on this court by Treas. Reg. Section 1.468B-1(c)(1) and the QSF shall remain under the continued jurisdiction of this court.  The parties further STIPULATE to Plaintiff's request that the Court appoint Kevin Urbatsch as the Fund Administrator pursuant to the terms, conditions and restrictions set forth in **Exhibit A** to this stipulation and proposed Order and grants the Fund Administrator the authority to conduct any and all activities necessary to administer this Fund as described in **Exhibit A** to this stipulation and proposed Order.  The parties further STIPULATE to Plaintiff's request that the Court authorize the Fund Administrator, upon completion of all Fund Agreements and final distribution of all monies paid

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

STIPULATION AND                ORDER

2

1   into the Fund, to take appropriate steps to wind down the fund and thereafter discharge the Fund

2   Administrator from any further responsibility with respect to the Fund:

3

4        IT IS SO STIPULATED.

5

6   DATE:  May 18, 2012          ___/s/ John A. McGuinn_____

7                                John A. McGuinn
                                 Carolyn A. Leary
                                 McGuinn, Hillsman & Palefsky

8                                Attorneys for Plaintiff, Laurie Gibbs Harris

9

10  DATE: May 18, 2012           _____/s/ Megan Barry Borovicka____

11                               Melinda S. Riechert
                                 Megan Barry Borovicka

12                               Morgan, Lewis & Bockius

13                               Attorneys for Defendants,
                                 Northwestern Investment Management Company,

14                               LLC and Northwestern Mutual Life Insurance
                                 Company

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

3

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

GOOD CAUSE APPEARING, IT IS ORDERED THAT:

1.      All notices have been provided;

2.      The court authorizes the establishment and funding of the Gibbs Harris Qualified Settlement Fund (QSF) within the meaning of Treasury Regulation Section 1.468B-1 whose terms and conditions are set forth in **Exhibit A** to this Order and pursuant to the jurisdiction conferred on this court by Treas. Reg. Section 1.468B-1(c)(1) and the QSF shall remain under the continued jurisdiction of this court;

3.      The court appoints Kevin Urbatsch as the Fund Administrator pursuant to the terms, conditions and restrictions set forth in **Exhibit A** to this order and grants the Fund Administrator the authority to conduct any and all activities necessary to administer this Fund as described in **Exhibit A** to this order; and

4.      The Court authorizes the Fund Administrator, upon completion of all Fund Agreements and final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund and thereafter discharging the Fund Administrator from any further responsibility with respect to the Fund.

DATED:   10/4/2012

_____
HON. CLAUDIA WILKEN
Judge United States Federal District Court

**ATTESTATION**

Pursuant to General Order 45(X), I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated:   May 18, 2012          By:   ___/s/ John A. McGuinn_____
                                       John A. McGuinn

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

STIPULATION AND                ORDER

4

# EXHIBIT A

# EXHIBIT A
## STATEMENT OF TERMS OF GIBBS HARRIS
## QUALIFIED SETTLEMENT FUND

This Statement of Terms shall govern the operation of the Gibbs Harris Qualified Settlement Fund.

1.  *Statutory Requirements.* (1) The Gibbs Harris Qualified Settlement Fund ("Gibbs Harris QSF") was established pursuant to an order of the US District Court, Northern District, Oakland Division, entered into on _____ (the "Order"); (2) The Gibbs Harris QSF was established to resolve or satisfy one or more contested or uncontested claims from liability arising out of a tort, breach of contract, or violation of law; and (3) The Gibbs Harris QSF is a trust under California state law, and its assets are segregated from other assets of the transferor.

2.  *Qualified Payments.* In accordance with the Order establishing this QSF, Defendants, Northwestern Mutual Capital, LLC (f/k/a Northwestern Investment Management Company, LLC) and The Northwestern Mutual Life Insurance Company, ("Settling Defendants") shall pay to the Gibbs Harris QSF the total settlement amount in immediately available funds.

3.  *No Further Obligation or Reversion.* Following the payment or payments set forth in the paragraph above to the Gibbs Harris QSF, the Settling Defendant shall have no further obligation to contribute to the Gibbs Harris QSF nor shall Settling Defendant have any right to a refund or reversion of that payment, or any interest thereon.

4.  *Nature of Payments.* Payments to the Gibbs Harris QSF shall not be construed as fines, penalties, monetary sanctions or punitive damages.

5.  *Financial Institution.* The QSF Administrator has the authority to appoint a bank or trust company as the Investment Manager for the Gibbs Harris QSF and the QSF Administrator appoints Evolve Bank & Trust, as the Investment Manager for the Gibbs Harris QSF.

6.  *Investments of QSF.* The QSF Administrator shall instruct the Investment

Manager to invest and manage the monies held in the Trust Estate in the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs; provided, however, that the Investment Manager shall not invest in any stock, securities, or other obligations of Claimants; or stock, securities or other obligations of the QSF Administrator or any party related thereto. By the act of instructing the Investment Manager as directed hereunder, the QSF Administrator shall be delegating its investment function and shall not be responsible for any loss that might occur from the investment decisions of the Investment Manager.

7. *Who Can Receive Distributions.* The Administrator shall make distributions from the Gibbs Harris QSF solely to the following payees and to no others (i) Plaintiff, her legal representatives, persons directed to be paid in a writing authorized by plaintiff or her legal representative, or her trust in resolution and satisfaction of her claims against the Gibbs Harris QSF (ii) the holders of liens on the payments due to plaintiff or their legal representatives, (iii) attorneys for the plaintiff and their legal representative for attorneys' fees, costs, and expenses. (iv) annuity issuers and assignees that provide periodic payments to the payees in subsections (i) and (iii) whether or not with respect to claims described in sections 104(a)(2) or 130 of the U.S. Code as amended, (v) the federal and state tax authorities to whom tax is due from the Gibbs Harris QSF, and (vi) the Administrator of the Gibbs Harris QSF for the fees and costs of administration of the Gibbs Harris QSF.

8. *Termination of the Gibbs Harris QSF.* The Gibbs Harris QSF shall terminate on order of the Court or at such time as no funds remain in the Fund, if earlier. On termination, the Administrator shall prepare and file the final income tax returns for the Gibbs Harris QSF, pay any tax resulting, pay the final administrative expenses and costs of the Gibbs Harris QSF.

9.   *Administrator.* The Administrator of the Gibbs Harris QSF is Kevin Urbatsch, a California Certified Specialist in Estate Planning, Probate and Trust laws and a member of the California bar. His address is 100 Spear Street, Suite 1430, San Francisco, CA 94105. (415) 593-9944 and email is Kevin@Urbatsch.com.

10.   *Authority.* The Administrator shall obtain the taxpayer identification number for the Gibbs Harris QSF, shall supervise the preparation and filing of all income tax returns and information reports required and shall maintain all financial records for the Gibbs Harris QSF. The Administrator shall operate the Gibbs Harris QSF at all times in a manner consistent with the regulations under section 468B of the Internal Revenue Code. The Administrator is authorized to execute all documents necessary to carry out the terms of the Gibbs Harris QSF.

11.   *Compensation.* Kevin Urbatsch as Administrator shall be paid at his hourly rate of $400/hour for services rendered and may utilize others in his firm for services who shall be paid at a rate of anywhere from $125 to $400/hour for services, plus reimbursement for any out-of-pocket disbursements incurred for mail, messengers, copying, telephone and travel.

12.   *Vacancy.* The Administrator may resign by written notice delivered to the Court with continuing jurisdiction over the Gibbs Harris QSF. The Court shall have the power to appoint a successor Administrator with new terms for compensation. In default of such appointment, the Administrator shall have the power to appoint a corporate or private professional Administrator. Any successor Administrator shall have the same powers, authorities, and discretions as though originally named as the Administrator. All of the Administrators fees and expenses (including reasonable attorneys' fees) attributable to the appointment of a successor administrator shall be paid by the Gibbs Harris QSF.

13.   *Acceptance of Appointment by Successor.* Acceptance of appointment as a successor Administrator shall be in writing and shall become effective on receipt

by the Court of notice of such acceptance. On the acceptance of appointment of any successor Administrator, title to the Gibbs Harris QSF assets shall be vested in the successor Administrator, jointly with the remaining Administrators, if any, without the necessity of any conveyance or instrument.

14. *Indemnification.* The Administrator shall be indemnified and held harmless by Plaintiff from any claims made by any alleged lien holder, or other person or entity that attempts to assert a right of payment, reimbursement or garnishment against the Gibbs Harris QSF. Should the Administrator be named as a party to, or threatened to be made a party to, any threatened, pending or completed action, suit or proceeding of any kind, whether civil, administrative or arbitrative, and whether brought by or against or otherwise involving the Gibbs Harris QSF, by reason of the Administrator having served in any capacity on behalf of the Gibbs Harris QSF, the Administrator shall be indemnified and held harmless by the Plaintiff against reasonable expenses, costs and fees (including attorney fees), judgment, awards, costs, amounts paid in settlement, and liabilities of all kinds incurred by the Administrator in connection with or resulting from such actual or threatened action, suit or proceeding; except to the extent that it is finally determined by this Court that the Administrator was grossly negligent or acted with willful misconduct in connection with the administration of this Fund.

15. *Bond.* No bond is required of the Administrator or any Successor Administrator.

16. *Taxes.* All taxes on the income of the Fund and expenses and costs incurred in connection with the taxation of the Fund (including, without limitation, the expenses of tax attorneys and accountants for reasonable and ordinary services, for each tax year the fund is in existence, incurred in preparing and filing of the Fund's annual income taxes) shall be (i) paid out of the Fund, (ii) considered to be a cost of administration of the Gibbs Harris QSF, and (iii) timely paid by the

Administrator without prior order of the Court.

17.   *Financial Statements.* Upon request, the Administrator will prepare and deliver Gibbs Harris QSF Statements ("Statements") to counsel for the Plaintiff and/or this Court. The Statements shall include a statement of receipts, investment earnings, and disbursements. The Administrator shall provide the Statement no later than ten (10) business days following a request.

18.   *Amendment.* The Fund may be altered, amended or revoked from time to time by an instrument in writing executed by the Administrator and ordered by the Court.

19.   *Governing Law.* California law shall govern the Fund. The regulations accompanying section 468B of the Title 26 of the United States Code, as amended shall be used in interpreting the Fund in a manner to accomplish the intent of the parties that the Fund be characterized as a qualified settlement fund under those regulations.

Dated: _____

———————————————————
By, Kevin Urbatsch
Administrator of the Fund